IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNALDO JOSHUA CASTILLO,

        Plaintiff,                                  No. CIV S 08-3080 GEB GGH P

       vs.

SOLANO COUNTY JAIL, et al.,

        Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By separate order, this court has found certain of plaintiff's allegations of the amended complaint to set forth colorable claims. However, to the extent that plaintiff's claims against defendants Dr. Ravinder Kadevari (whom plaintiff identifies as Dr. Kadevari, Ravinder); PHA Chris Pilaczynski; Officer Jess Grapentine; Lieutenant Marsh; Sheriff Gary R. Stanton seek to implicate them, each in their individual capacity, for having exposed unnamed third party inmates to infection because plaintiff and/or other inmates with infectious diseases were not quarantined or for not having taken any other precautions to limit the exposure of other inmates to any infection of plaintiff's, these claims must be dismissed. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634

1

(1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).

As to plaintiff's allegations against defendant Sergeant Dolan that date from January 13, 2009, these claims should be dismissed. Plaintiff alleges that defendant Dolan on that day, placed plaintiff in a filthy cell (cell # 1 of Z module) as a disciplinary action, a cell that was three cells away from an inmate with scabies and H.I.V. Amended Complaint, p. 7. "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994). When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation...must be considered in determining whether a constitutional violation has occurred." Johnson, supra, at 731. "'[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.'" Id., quoting Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).

However, in Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994), the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at

847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

To the extent that plaintiff claims that the cell in which he was placed by defendant and the showers he was forced to use were highly unsanitary, he would be permitted to proceed against this defendant, but not on his insufficiently supported claim that his being housed in this unit three cells from an allegedly diseased individual exposed him to only a risk of disease, and that portion of the claim should be dismissed. However, as to the remaining portion of the claim, plaintiff, as noted, claims that defendant Dolan placed him in the Z module cell on January 13, 2009, the amended complaint was filed on January 28, 2009, and this action was initiated on December 19, 2008. By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736. Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6.

The court construes the dating of the incident involving defendant Dolan beyond the date of the filing of the complaint as a tacit concession to administrative grievance nonexhaustion. Moreover, it is evident on the face of it that plaintiff could not have exhausted any grievance as to a claim regarding an incident that occurred after the filing of the instant complaint. A concession of nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120. Thus, the claim against defendant Dolan, arising on January 13, 2009, regarding filthy conditions of confinement should be dismissed without prejudice.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's third party claims against defendants Dr. Ravinder Kadevari (identified by plaintiff as Dr. Kadevari, Ravinder); PHA Chris Pilaczynski; Officer Jess Grapentine; Lieutenant Marsh; Sheriff Gary R. Stanton for having failed to quarantine plaintiff, or taken other steps to prevent the infection of unnamed other parties, when he was diagnosed with scabies and/or a staph infection be dismissed; and

2. Plaintiff's claim against defendant Dolan that, on January 13, 2009, Dolan exposed plaintiff to the risk of infection by his cell placement, should be dismissed as insufficient; to the extent that plaintiff claims that the conditions of confinement in the placement were filthy, that claim should be dismissed without prejudice as not administratively exhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2009

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cast3080.fr

5