IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNALDO J. CASTILLO,

      Plaintiff,                    No. 2:08-cv-3080 GEB KJN P

    vs.

SOLANO COUNTY JAIL, et al.,

      Defendants.            <u>ORDER</u>

_____ /

       Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to plaintiff's medical needs relative to contracting scabies and/or a staph infection.

       On March 5, 2010, this court granted in part plaintiff's discovery motion and ordered defendants to produce additional documents and respond to plaintiff's amended requests for admissions. (Dkt. No. 40.) The court noted that defendants had prematurely filed a motion for summary judgment more than six months before the discovery deadline (see Dkt. No. 29) and thereafter failed adequately to respond to plaintiff's discovery requests. The court vacated the discovery deadline and deadline for filing substantive motions pending further order of the court. On March 26, 2010, the court granted plaintiff additional time within which to serve his amended requests for admission. (Dkt. No. 44.) Thereafter, on April 1, 2010, the court directed the

parties to file separate statements identifying any further discovery needed in this case and the estimated period of time required to obtain such discovery. (Dkt. No. 46.)

Defendants responded in two groups. The "County defendants" (County of Solano, and defendants Stanton, Grapentine, Marsh and Dolan) stated that they required no further discovery. (Dkt. No. 50.) The "medical defendants" (defendants Kadevari and Pilaczynski) (the defendants who filed the premature motion for summary judgment) reported that they required an additional 90 days to obtain the following discovery: (1) plaintiff's medical records from Mule Creek State Prison, pursuant to subpoena; (2) interrogatories served upon plaintiff; and (3) the depositions of pertinent health care providers, if indicated. (Dkt. No. 47.) The "medical defendants" indicated their intent to thereafter re-file a renewed motion for summary judgment.

Plaintiff has filed three documents: (1) a response to the court's order, entitled a "Request for Further Discovery," in which plaintiff seeks to first serve document requests upon defendants in order to compose interrogatories and requests for admission; thus, plaintiff asks the court to suspend imposition of a discovery deadline pending his review of defendants' responses to his document requests (Dkt. No. 49); (2) a "Petition for the Court's Assistance in Obtaining Photographs," pursuant to which plaintiff seeks an order of the court authorizing plaintiff to take photographs, at his own expense, of his leg, arms and torso for the purpose of demonstrating permanent physical scarring related to the allegations of his complaint (Dkt. No. 48); and (3) a "Motion to Compel Discovery," pursuant to which plaintiff seeks further responses from defendants Kadevari and Pilaczynski, respectively, to Plaintiff's Request for Production of Documents, Set Two (Dkt. No. 51).

The court finds it necessary to re-set discovery and dispositive motion deadlines in this case. The deadlines set forth below are intended to accommodate the ninety-day extended discovery period requested by defendants and plaintiff's need to assess newly produced

////

documents before composing written discovery requests.[1]

Plaintiff's "Petition for the Court's Assistance in Obtaining Photographs" of his own body is both relevant and reasonable. The court will grant the request and direct the Warden at Mule Creek State Prison, plaintiff's current place of incarceration, to accommodate plaintiff's request pursuant to any reasonable procedures the Warden deems necessary and appropriate; this accommodation may require, at the Warden's discretion, that the pictures be taken by a third party.

The court will defer addressing plaintiff's "Motion to Compel Discovery" (Dkt. No. 51), since defendants have not had an opportunity to respond to the motion.

CONCLUSION

1. The motion for summary judgment prematurely filed by defendants Kadevari and Pilaczynski (Dkt. No. 29) is vacated without prejudice to the refiling of a dispositive motion after close of discovery;

2. The discovery deadline is extended to and including October 15, 2010, and any motions to compel discovery shall be filed by September 17, 2010;

3. The dispositive motion deadline is extended to and including January 28, 2011;

4. Plaintiff's "Petition for the Court's Assistance in Obtaining Photographs" (Dkt. No. 48) is granted; the Warden at Mule Creek State Prison shall, within twenty-one days of the filing date of this order, accommodate plaintiff's request to take and obtain photographs of his body to the extent such photographs are relevant to the contentions set forth in plaintiff's Amended Complaint, subject to any reasonable conditions the Warden deems appropriate;

5. Defendants Kadevari and Pilaczynski shall respond to plaintiff's "Motion to Compel Discovery" (Dkt. No. 51) within twenty-one days of the date they were served with the

---

[1] While it appears that the discovery plaintiff proposes in this document has already been served on defendants and is now the subject of plaintiff's most recent filing (Dkt. No. 51), plaintiff is reminded that he need not obtain the court's approval to serve discovery requests; rather, only those matters disputed by the parties should be brought before the court.

motion (see Local Rule 230(l) (previously Rule 230(m))); and

      6. The Clerk of Court shall send plaintiff copies of the court's orders filed March 4, 2009 (Dkt. No. 16) and July 7, 2009 (Dkt. No. 25); the rules and procedures governing discovery and dispositive motions are set forth therein.

      SO ORDERED.

DATED: June 10, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cast3080.ext.ddl.etc.