IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNALDO J. CASTILLO,

            Plaintiff,                  No. 2:08-cv-3080 GEB KJN P

    vs.

SOLANO COUNTY JAIL, et al.,

            Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he contracted scabies and/or a staph infection and/or "MRSA" (methicillin-resistant staphylococcus aureus) infection while incarcerated at the Solano County Jail.  He alleges that defendants were deliberately indifferent to plaintiff's serious medical needs by failing to quarantine previously infected inmates, thus rendering plaintiff vulnerable to the communicable disease, and then, after plaintiff contracted the illness, by providing inadequate medical care.  Plaintiff alleges that he has been left with skin discoloration and scarring, and has suffered emotionally.  Plaintiff names two "groups" of defendants:  the "county defendants" (County of Solano and defendants Stanton, Grapentine, Marsh and Dolan), and the "medical defendants" (defendants Kadevari and Pilaczynski).

Presently pending before the court is plaintiff's motion to compel discovery from the medical defendants.

Plaintiff moves to compel discovery (Dkt. No. 51) pursuant to his Request for Production of Documents (Set Two), served on defendants Dr. Ravinder Kadevari, M.D., and Physician's Assistant Christopher Pilaczynski, on March 16, 2010.  Plaintiff received defendants' responses on May 15, 2010, but no documents were produced.  Defendants have filed an opposition to the motion (Dkt. No. 52), and plaintiff has filed a reply (Dkt. No. 54).

For the following reasons, the court grants a limited portion of plaintiff's discovery motion.

## I. REQUESTS COMMON TO BOTH DEFENDANTS KADEVARI and PILACZYNSKI[1]

### A. REQUEST NOS. 1 THROUGH 3

1. Requests and Responses

Request No. 1:  Any and all documents that refer or related to the "Administrative Meetings and Reports" that are scheduled quarterly, according to IMG standard #103(E); CFMG (California Forensic Medical Group) Policy and Procedure Manual (PPM), pg. 4.  The time frame of these documents are to be from . . . the hiring of defendant until present.

Request No. 2:  All documents of the "Monthly Statistical Summaries," according to IMG standard #103(E); CFMG Policy and Procedure Manual (PPM), pg 5.  These documents are to be from the time of defendant's hiring until present.

Request No. 3:  All documents of the "Monthly Workload Summaries" according to IMQ standard #103(E); CFMG (PPM), pg 5.  The time frame of these documents are to be from the hiring of defendant until present.

Kadevari's Identical Response to Nos. 1-3:  Defendant is not currently employed at the Solano County Jail and was no longer working there at the time of the receipt of Plaintiff's Second Set of Requests for Production. Defendant has no current affiliation with the company that provides

---

[1]  The substance of plaintiff's requests to each of the medical defendants is the same, with occasional slight variation in wording.  The wording set forth herein reflects that of plaintiff's requests to defendant Kadevari; significant variations in the requests to, or responses of, defendant Pilaczynski are noted in brackets.

medical care at the Solano County Jail and, therefore, Defendant has neither possession, control nor access to the records of "[A]dministrative Meetings and Reports" / "Monthly Statistical Summaries" / "Monthly Workload Summaries" done on a quarterly basis pursuant to the applicable manual at the jail.  Further Defendant notes that the litigation against Defendant involves solely the observation and prescriptions of care for Plaintiff on or about June 20, 2008 with resolution of the problem documented on June 27, 2008 . . . [2]

Pilaczynski's Identical Response to Nos. 1-3:  Defendant is not currently employed at the Solano County Jail and was no longer working there at the time of the receipt of Plaintiff's Second Set of Requests for Production. Defendant has no current affiliation with the company that provides medical care at the Solano County Jail and, therefore, Defendant has neither possession, control nor access to the records of "[A]dministrative Meetings and Reports" / "Monthly Statistical Summaries" / "Monthly Workload Summaries" done on a quarterly basis pursuant to the applicable manual at the jail.  Further, Defendant notes that he provided appropriate care and treatment for an abscess that was present on the Plaintiff's right thigh on October 30, 2008. . . . [with] resolution of the infection as of November 18, 2008 . . . [3]

2. Parties' Positions

Plaintiff contends that these responses are "evasive and obstructive to plaintiff's ability to acquire evidence of deliberate indifference," and that the requested information "will help plaintiff to expose if the claim against [each] defendant is a product of systemic malfeance (sic) or individual choice of misconduct."  (Dkt. No. 51, at 2.)  Plaintiff asserts that defendants were CFMG employees when he filed suit and served these requests, that it is the policy of CFMG to produce documents requested of its employees and former employees pursuant to litigation, and that the law firm currently representing Pilaczynski and Kadevari also represents CFMG and thus has ready access to the requested documents.

---

[2] Defendants improperly seek to litigate the merits of this action in their response to these requests and their opposition to plaintiff's discovery motion, arguing that their respective care "resolved" plaintiff's medical needs as demonstrated by his failure to seek subsequent care. However, plaintiff alleges emotional damages, as well as permanent skin discoloration and scarring that allegedly can be remedied only by cosmetic surgery, which is not available through the prison medical system.

[3] See n.2, supra.

3

1    Defendants do not address the relevance of plaintiff's requests, but contend that

2  each defendant properly treated plaintiff and, in any case, no longer works at Solano County Jail

3  and cannot, therefore, provide any of the requested documents.  Plaintiff replies that the

4  requested documents can only be obtained from the medical defendants because "[t]his medical

5  entity [CFMG] has a separate administrative system and policy and procedure manual,

6  completely different from custody administration.  The internal review, audit and assessment

7  records requested by plaintiff deal specifically with medical issues . . ."  (Dkt. No. 54, at 3.)

8    3.  Order

9    Defendants' objections are largely based on their position that they no longer

10  work at the Solano County Jail, are no longer employed by the jail's medical provider, the

11  California Forensic Medical Group ("CFMG"), and therefore do not have access to the

12  documents plaintiff seeks.  The court has previously rejected this argument.  (See, e.g., Dkt. No.

13  40, at 2.)  Defendants have a continuing responsibility to disclose their past relevant conduct and

14  paperwork, and CFMG has a continuing duty to disclose relevant documents generated by its

15  former employees and independent contractors.  Moreover, as plaintiff notes, counsel for these

16  medical defendants also acts as counsel for CFMG.  The court does not, therefore, find this

17  objection dispositive.

18    However, the court is not persuaded that the information sought by these three

19  requests is sufficiently relevant to require disclosure.  Even if the extensive time span ("from the

20  hiring of defendant to the present") was limited, CFMG's Administrative Meetings and Reports,

21  Monthly Statistical Summaries, and Monthly Workload Summaries may be relevant only to

22  plaintiff's quarantine claims, and such information would likely comprise only a fraction of these

23  documents.  The court finds these requests excessively overbroad, in essence, a "fishing

24  expedition," thus presenting a burden that far outweighs any potential relevance to this action.

25    The court will therefore deny plaintiff's motion as to his Request Nos. 1-3.

26    4

B. <u>REQUEST NOS. 4 THROUGH 11</u>

    1. <u>Requests and Responses (emphasis in original)</u>

<u>Request No. 4</u>:  All documents of the "Monthly Workload Statistics" for Solano County Main Jail, according to IMQ standard #103(E); CFMG (PPM), pg 6.  The time frame of these documents are to be from the hiring of defendant until present.
<u>Response of both defendants</u>: [The same as that provided in response to Request Nos. 1 through 3.]

<u>Request No. 5</u>:  Any and all documents that refer or relate to the "Quality Management Program," <u>Medical Peer Review</u> of defendant from the date of hiring until present.

<u>Request No. 6</u>:  Any and all documents that refer or relate to the "Quality Management Program," <u>regular scheduled internal auditing</u> from the time of defendants' hiring until present; according to CCR Title 15 section 1201; IMQ standard 105(e) and 106(1), CFMG PPM, pg. 11.

<u>Request No. 7</u>: Any and all documents that refer or relate to the "Quality Management Program," <u>weekly monitoring of services</u> from the time of defendant's hiring until present, according to CCR Title 15 section 1202; IMQ standard 105(e) and 106(1), CFMG PPM, pg. 11.

<u>Request No. 8</u>:  Any and all documents that refer or relate to the "Quality Management Program," <u>documented reporting of all findings</u> from the time of defendant's hiring until present; according to CCR Title 15 section 1202; IMQ standard 105(e) and 106(1), CFMG PPM, pg. 11.

<u>Request No. 9</u>:  Any and all documents that refer or relate to the "Quality Management Program," <u>development and implementation of corrective action plans and re-evaluation</u> from the time of defendant's hiring until present; according to CCR Title 15 section 1202; IMQ standard 105(e) and 106(1), CFMG PPM, pg. 11.

<u>Request No. 10</u>:  All documents and reports pertaining to the quarterly "Quality Assurance Meetings," from the time of defendant's hiring until present.

<u>Request No. 11</u> [not requested of Pilaczynski]:  All documents and reports of the annual "external peer review" of defendant from his hiring date until present; according to CCR. Title 15, section 1202; IMQ Standard #106(I).

<u>Responses of both Defendants to Request Nos. 4-11</u>:  Defendants state that they have no responsive documents and, even if had, they would be protected by the third party privacy rights of other patients under both state statutes and the applicable HIPPA [Health Insurance Portability and Accountability Act] laws.

1          2.  Parties' Positions

2          Plaintiff argues that defendants are being "evasive and obstructing," improperly

3  invoke the "Hippa Law," and that these requests "are governed under state Title 15 and are

4  subject to public scrutiny due to accountability purposes for public funding."  (Dkt. No. 51, at 3.)

5  Defendants abide by their objections and respond further that plaintiff inappropriately seeks

6  portions of CFMG's policy and procedure manual which are not within defendants' possession,

7  custody or control.  (Dkt. No. 52, at 4.)

8          3.  Order

9          Defendants' privacy rights to their personnel records outweigh any potential

10  relevance of defendants' peer review records.  (Request Nos. 5, 11.)  Additionally, Solano

11  County Jail's "Monthly Workload Statistics" are not reasonably within the possession, custody or

12  control of the medical defendants.  (Request No. 4.)  The court will therefore deny plaintiff's

13  motion as to his Request Nos. 4, 5, and 11.

14          The remaining requests appear to represent plaintiff's attempt to ascertain

15  whether, and to what extent, Solano County Jail has implemented quarantine or related

16  procedures to limit the spread of communicable diseases among inmates.  While potentially

17  relevant, including to plaintiff's claims against the "county defendants," the requests, as framed,

18  are far too broad, seeking all routinely-kept documentation from the commencement of

19  defendants' hiring to the present.  The court will therefore narrowly construe these requests

20  (Request Nos. 6-10) to seek from CFMG any report, finding, monitoring, auditing, or corrective

21  action, at Solano County Jail, regarding any communicable skin disease,[4] during the two-year

22

23

24  _____

25          [4]  Including, but not limited to, scabies, staph infection and "methicillin-resistant
staphylococcus aureus".

26                                                   6

period January 1, 2008 through December 31, 2009.[5]  This information may be redacted to protect the privacy rights of third parties, but repeated references to the same inmate should be so indicated (e.g., "Inmate 1" et seq.).  This comprehensive supplemental response shall include a preface that identifies and summarizes the disclosed documents.

As so limited, the court grants plaintiff's motion as to Request Nos. 6-10 served on both defendants Kadevari and Pilaczynski.

C.  REQUEST NOS. 11 THROUGH 18[6]

1.  Requests and Responses

Request No. 12 [Request No. 11 to Pilaczynski]: The document "Sheriff's department operations manual" that defendant is required to review, according to IMG standard #116(I), CFMG (PPM), pg. 38.
Response of both defendants:  Defendant has no such documents in his possession or control.

Request No. 14 [Request No. 13 to Pilaczynski]: The document "Orientation Worksheet" that defendant signed and dated which states that defendant completed the requirements of reading Policy and Procedure and Administrative manuals [of CFMG, statements regarding safety plans, universal blood born pathogen precautions, respiratory precautions, and personal protective gear].  This document is according to IMG standard #203(e) [E/2(a)]; CFMG Policy and Procedure Manual, pg. 72-76.
Response of both defendants:  Defendant does not have this document in his possession.

Request No. 15 [Request No. 14 to Pilaczynski]: The administrative manual for the facility of Solano County Jail.
Response of both defendants: Defendant does not have possession of this document or control over any copy of it.

Request No. 17 [Request No. 16 to Pilaczynski]: The document "Policy and Procedure Manual Employee Statement" that defendant signed and dated,

---

[5]  Plaintiff was transferred to Deuel Vocational Institution in August 2009.  (Dkt. No. 28.) The relevant period for assessing responsive or corrective action at Solano County Jail is logically extended for a short period after plaintiff's departure.

[6]  Plaintiff challenges the responses of defendant Kadevari to plaintiff's Request Nos. 12, 14, 15, 17 and 18; and the responses of defendant Pilaczynski to plaintiff's Request Nos. 11, 13, 14, 16, and 17.  These requests and responses, though numbered differently, are virtually identical.

according to CFMG PPM, Pg. 87.
Response of both defendants:  Defendant does not have this document in his possession.

Request No. 18 [Request No. 17 to Pilaczynski]:  The documentation of training, which includes the preventing of disease transmission that is provided by program manager, according to CFMG (PPM), pg. 115.
Response of both defendants:  Defendant does not have this document in his possession.

2. Parties' Positions

Plaintiff argues that defendants' responses to these requests are "evasive and obstructive to plaintiff's ability to acquire evidence that defendant had knowledge of the protocols of dealing with communicable disease, reporting of communicable diseases to proper authorities and isolation of detainees with suspect/definitive communicable diseases found in CFMG Policy and Procedure Manual." (Dkt. No. 51, at 3-4, 6.)  Defendants argue that they cannot produce what they do not possess or control.  (Dkt. No. 52, at 6.)

3. Order

Neither the Operations Manual for the Solano County Sheriff's Department, nor the Administrative Manual for the Solano County Jail can reasonably be assumed be in either defendant's possession.  The nonconfidential portions of these manuals should be available to the public and hence to plaintiff.  If not, a limited inquiry to the "county defendants," the Solano County Jail, or the Solano County Sheriff's Department regarding their protocol and standard of care in the handling and treatment of communicable diseases should be sufficient to obtain any relevant information.  Defendants are hereby informed that the disclosure of such protocol and standards will likely be integral to the court's consideration of any dispositive motion, and certainly at trial.

The court will therefore deny without prejudice plaintiff's motion as to Request Nos. 12 and 15 to Kadevari (Request Nos. 11 and 14 to Pilaczynski).

The additional requests seek portions of each defendants' personnel file, to

8

1   ascertain whether each defendant has read, signed, and complied with CFMG's "Orientation

2   Worksheet" and "Policy and Procedure Manual Employee Statement," and has participated in

3   training that includes the prevention of infectious disease transmission.  These documents may

4   have been disclosed pursuant to plaintiff's Request No. 13 to Kadevari (Request No. 12 to

5   Pilaczynski), which sought documents relative to each defendants' credentials, licensing,

6   education and training.  (However, plaintiff does not seek to compel additional documents

7   pursuant to those requests.)  As framed here, the requests appear to be of limited relevance.  It is

8   clear that plaintiff has already obtained CFMG's policies and procedures for treating

9   communicable diseases, and it may reasonably be assumed that CFMG's employees and

10   independent contractors are required to have knowledge of, and adhere to, these policies and

11   procedures.  Requiring written "proof" of these matters appears superfluous, particularly when

12   weighed against defendants' privacy rights.

13         The court will therefore deny plaintiff's motion as to his Requests Nos. 14, 17,

14   and 18 to Kadevari (Request Nos. 13, 16, and 17 to Pilaczynski).

15   II.  REQUEST NO. 20 to KADEVARI

16         Request No. 20:  The document describing defendants' termination, discharge or
        voluntary quiting (sic) of CFMG.

17         Response:  Defendant objects to the request on the basis that it seeks information
        not related to this litigation or the care and treatment of plaintiff, as such, this

18         request violates defendants' right of privacy as protected by the Constitution of
        the United States and the Constitution of the State of California.

19

20         Plaintiff contends that "[d]efendant's response is evasive and obstructive to

21   plaintiff's ability to acquire evidence of moral turpitude."  (Dkt. No. 51, at 6.)  Defendants do not

22   respond to this argument.

23         The court finds that the privacy interests of defendant Kadevari implicated by this

24   request outweigh any potential relevance of disclosure, and denies the motion as to this request.

25   ////

26                9

III.  <u>REQUEST NOS. 19 and 20 to PILACZYNSKI</u>

Defendants concede that Pilaczynski inadvertently failed to provide any response to these requests, and now state that the appropriate response is that defendant does not possess or have control over the requested documents.  These requests to defendant Pilaczynski were as follows:

<u>Request No. 19</u>: The documentation of CFMG medical director giving permission for defendant to perform surgical duties, i.e., lancing boils.

<u>Request No. 20</u>: The document that was signed and dated by defendant and plaintiff titled, consent for medical surgical procedure.

These requests are potentially directly relevant to the quality of care provided plaintiff by defendant Pilaczynski, a physician's assistant, relative to the facts of this case. Moreover, the failure of defendant to respond to these requests constitutes a waiver of his objections.  Plaintiff's motion will therefore be granted as to these requests.

<u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to compel discovery (Dkt. No. 51) is granted in part;

2.  Defendants (and/or CFMG) shall, within twenty-one (21) days of the filing date of this order, provide a comprehensive supplemental response to plaintiff's Request Nos. 6-11, as more fully described herein; and

3.  Defendant Pilaczynski (and/or CFMG) shall, within twenty-one (21) days of the filing date of this order, respond to plaintiff's Request Nos. 19 and 20.

SO ORDERED.

DATED:   October 6, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cast3080.disc

10