IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNALDO J. CASTILLO,

     Plaintiff,                    No. 2:08-cv-3080 GEB KJN P

    vs.

SOLANO COUNTY JAIL, et al.,

     Defendants.           ORDER

_____/

        Plaintiff is a state prisoner, incarcerated at Mule Creek State Prison, in Ione, California, who proceeds without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Following the court's ruling on defendants' motion for summary judgment, this action now proceeds only on plaintiff's Eighth Amendment claim that defendants Kadevar and Pilaczynski allegedly failed to protect plaintiff from contracting scabies and/or an MRSA infection while plaintiff was incarcerated at Solano County Jail. (See Dkt. Nos. 74, 77.)

        Plaintiff requests appointment of counsel, to prepare and present this action at trial. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Rather, "[i]n proceedings in forma pauperis, the district court

may request an attorney to [voluntarily] represent any person unable to afford counsel.  28 U.S.C. § 1915(e)(1).  The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances.  A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved."  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted).  "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)."  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (fn. omitted); accord Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); see also General Order 230 (E.D. Cal. 1988) (setting forth criteria and procedures for appointing counsel in Section 1983 cases in this court).

       The court finds that the instant action, at this juncture, meets the requisite criteria.  Plaintiff's remaining claim survived summary judgment, and thus bears some likelihood of success at trial.  The factual and legal issues are relatively complex.  A medical expert is probably required to evaluate plaintiff's medical record, as well as the medical records of other inmates (produced by defendants during discovery) who were suspected of having, or diagnosed with, scabies and/or MRSA during the relevant period.  This information must be evaluated in the context of statistical information, also produced by defendants, concerning the incidence of scabies and MRSA at Solano County Jail.  In addition, defendants' actual practices must be compared with relevant policies in attending to these medical matters, e.g., relative to quarantining inmates.  For these several reasons, the court finds that appointment of counsel is warranted.

       Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Dkt. No. 78) is granted;

2. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating forthwith an attorney admitted to practice in this court who is willing to accept the appointment.

3. Following the appointment of counsel for plaintiff, the court will set a status conference to address the further scheduling of this case.

SO ORDERED.

DATED: October 31, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cast3080.31.appt.